UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**LORNE LYNN ARMSTRONG**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:11CV-P67-M**

**NBC UNIVERSAL INC.**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Defendant NBC Universal Inc. filed a motion to dismiss the instant action (DN 22). Plaintiff has responded (DN 29), and Defendant filed a reply (DN 30). Additionally, Defendant filed a notice of supplemental authority of a recent decision by another judge of this Court in an almost identical case, *Patterson v. NBC Universal, Inc.*, No. 1:11-CV-68-R, 2012 WL 3779118 (W.D. Ky. Aug. 31, 2012). This matter is now ripe for determination. For the following reasons, the motion to dismiss will be granted.

## I. FACTS

Plaintiff's complaint alleged that on October 18, 2007, Defendant, in concert with local police authorities, conducted a "sting operation" in Bowling Green, Kentucky. Plaintiff claimed that Defendant "lured" him to the sting house. Prior to that date he alleged that he had been chatting with a "decoy" in an adult chat room. The decoy claimed to be an underage female. She invited Plaintiff to meet her at the sting house. Although Plaintiff initially declined, he eventually agreed to meet the girl at a house in Bowling Green. When Plaintiff arrived at the house, he was placed under arrest and taken into custody by the local police.

The complaint stated that Defendant was present at the sting house and filmed his arrest and the search of his truck, then aired the events on national television in a series entitled "To Catch a Predator," as part of NBC's Dateline show. Plaintiff claimed that Defendant also made

material related to his on-line conversations with the decoy available to the public on various internet sites.

Plaintiff alleged that Defendant's "libel, slanderous and defamatory accusations" have caused him mental anguish. Plaintiff also alleged that Defendant's participation in his arrest and search violated his constitutional rights under the Fourth Amendment. He also asserted state-law claims for intentional disclosure of private facts, intrusion on the right to be left alone, harassment/intentional infliction of emotional distress, and negligence. Finally, he asserted that Defendant was liable for violating the "Journalistic Code of Ethics."

On initial review, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 as time-barred. His claim for violation of the "Journalistic Code of Ethics" was dismissed for failure to state a claim. The Court allowed his Kentucky state-law claims for invasion of privacy, intentional infliction of emotional distress (IIED), and negligence to proceed for further development.

## II. ANALYSIS

In deciding a motion brought under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" and not merely conceivable. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility arises when the complaint's factual content allows a reasonable inference of defendant's liability. *Aschcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 556). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint has failed to show Plaintiff is entitled to relief. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Defendant's motion to dismiss argues that Plaintiff's state-law claims are time-barred. Defendant additionally asserts that Plaintiff may not bring a tort claim based on speech on matters of public concern, such as the Dateline report at issue, because he does not allege and cannot provide facts showing that the broadcast was false. Finally, Defendant asserts that Plaintiff has not established the required elements of the state tort claims – intentional infliction of emotional distress, invasion of privacy, and negligence.

In response, Plaintiff states that Defendant "aired [his] crime on Dateline before he had pled guilty[.]" He argues that when Defendant broadcast his crime, it committed all four types of the tort of invasion of privacy, *i.e.*, the use of his name, picture, or likeness without compensation; intruding upon his physical solitude; publicly disclosing private facts; and placing him in a false light in the public eye. He further argues that Kentucky's five-year statute of limitation applies and that his claim is not governed by the one-year statute of limitation for libel or slander. He further argues that Defendant was negligent when it failed in its duty to act with due diligence and disclosed too much of his personal information.

In reply, Defendant argues that, because his tort claims spring from publication, the one-year statute of limitation applies and that they are barred by the First Amendment. Defendant further asserts that in fact Plaintiff's response demonstrates that each of his claims is based on

the publication.  For example, Defendant points out, Plaintiff argues that when Defendant *broadcast* his crime, he suffered an invasion of privacy.

*Invasion of privacy*

In *McCall v. Courier-Journal*, 623 S.W.2d 882 (Ky. 1981), the Kentucky Supreme Court adopted the formulation for the tort of invasion of privacy set forth in the Restatement (Second) of Torts.  As stated therein:

> (1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
> (2) The right of privacy is invaded by
> (a) unreasonable intrusion upon the seclusion of another . . .; or
> (b) appropriation of the other's name or likeness . . .; or
> (c) unreasonable publicity given to the other's private life . . ., or
> (d) publicity that unreasonably places the other in a false light before the public . . .

*McCall*, 623 S.W.2d at 887 (quoting the Restatement (Second) of Torts (1976) Sec. 652A). However, as explained below, the allegations in Plaintiff's complaint do not support a cause of action for invasion of privacy.

Plaintiff alleges that Defendant intentionally intruded on his right to be left alone when the decoy kept pressing him in his conversations with her in the internet chat room to meet after he had told her no.  He states Defendant knew he was vulnerable and wanted to lure him in for the "soul purpose" of making money with its television show.  With regard to intrusion upon seclusion, such tort only becomes actionable when there is an intrusion "'upon the solitude or seclusion of another or his private affairs or concerns . . . .'" *Patterson*, 2012 WL 3779118, at *4 (quoting Restatement (Second) of Torts of § 652B (1977)).  However, there can be no invasion of privacy where the plaintiff is engaging in conduct in a public place.  *See* § 652B cmt. c.  The Court finds Judge Russell's decision in *Patterson* persuasive on this point:

> The events of the present case arose from a conversation in a public chat room on the Internet. There was no intrusion upon his seclusion or his "right to be left alone" where Patterson purposefully made himself available in a public place in order to converse with others. While in the public chat room Patterson was not secluded and was outside of the scope of the protections provided by §§ 652A(2)(a) and 652B. Availing oneself to a public chat room is no different tha[n] standing on a street corner and engaging in conversation with passersby. One cannot be intruded upon and has "no right to be left alone," where one has availed himself to the public. As such, Patterson has failed to state a claim for the invasion of his privacy, and this cause of action fails as a matter of law.

Plaintiff also alleges that his privacy was invaded when Defendant was present and filmed the search of his truck. In *Patterson*, the Court found that such a claim was "most properly categorized as an alleged violation of the right to privacy arising under §§ 652A(2)(a) and 652B." The Court found that "[t]his cause of action fails as a matter of law, however, because the protections of § 652B" do not extend to the search of the car.

> An intrusion upon seclusion may occur by some "form of investigation or examination into [the plaintiff's] private concerns, as by opening his private and personal mail, searching his safe or wallet, examining his private bank account, or" some other place that the plaintiff holds apart and separate from publicity and public view. *Id.* at § 652B cmt. b. None of the situations described in comment b are present or similar to the facts of the present case. Furthermore, there is no liability for intrusion upon seclusion where the plaintiff or his possessions are in "public and open to the public eye." *Id.* at § 652B cmt. c.
> In the present case, Patterson was not at his personal residence at the time of the search and his car was in no way protected from search or examination since it was used in the commission of a criminal act. Patterson simply has no cause of action for intrusion upon seclusion. That tort is meant to protect the privacy of people and their affairs which are withheld from public view. The protections afforded by § 652B are simply inapplicable where Patterson brought himself and his car into the public view during the commission of a criminal act.

Here, as in *Patterson*, Plaintiff has not stated an action regarding the search of his truck because the search took place in public.  This cause of action, therefore, fails as a matter of law.[1]

With regard to unreasonable publicity, as Judge Russell found in *Patterson*, such a claim is "properly categorized as an alleged violation of the right to privacy arising under §§ 652A(2)(c) and 652D."  Under § 652D of the Restatement:

> One who gives publicity to a matter concerning the private life of
> another is subject to liability to the other for invasion of his
> privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate public concern.

Restatement (Second) of Torts § 652D (1977).

In the instant case, the information published by NBC was a matter of "legitimate public concern" because it concerned a criminal and his actions.  No invasion of privacy occurs when one publishes information about criminals and their crimes.  The comments to § 652D state:

> Those who commit crime or are accused of it may not only not
> seek publicity but may make every possible effort to avoid it, but
> they are nevertheless persons of public interest, concerning whom
> the public is entitled to be informed. . . .  These persons are
> regarded as properly subject to the public interest, and publishers
> are permitted to satisfy the curiosity of the public as to its heroes,
> leaders, villains and victims, and those who are closely associated
> with them.

§ 652D cmt. f.  Furthermore, "[a]uthorized publicity includes publications concerning . . . crimes, arrests, [and] police raids . . . ."  § 652D cmt. g.

Here, as in *Patterson*, "[a]t the time NBC disclosed the contents of the conversation

---

[1] The complaint also contained allegations about the media ride-along when Plaintiff was taken to the Sheriff's Office while handcuffed and unable to move in order to hide from the camera.  However, that argument was couched only in constitutional terms.  The Court dismissed Plaintiff's constitutional claims on initial review

between [Plaintiff] and the decoy, [Plaintiff] was accused of seeking a sexual encounter with a minor child." Therefore, Plaintiff has not alleged a cognizable claim for the invasion of his privacy. *Cf. Pearce v. Courier-Journal*, 683 S.W.2d 633, 637 (Ky. Ct. App. 1985) ("The stories about the judicial and administrative proceedings against the appellant insofar as they deal with matters of public concern and are accurate reports of judicial and administrative proceedings do not seem to us to be proper subjects of the tort of invasion of the right of privacy.") (citing, *inter alia*, Restatement (Second) of Torts § 652D(b) (1977)); *Bell v. Courier-Journal*, 402 S.W.2d 84, 88 (Ky. 1966) (holding that publishing fact that appellant was delinquent in paying taxes was not actionable as an invasion of his right of privacy).

Plaintiff argues that Defendant committed all four forms of invasion of privacy, including the fourth form – an appropriation of his name or likeness. Under § 652C of the Restatement (Second) of Torts, this tort requires appropriation, that is "the defendant must have appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." § 652C cmt. c. "The value of the plaintiff's name is not appropriated by mere mention of it, or by reference to it in connection with legitimate mention of his public activities; nor is the value of his likeness appropriated when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity." § 652C cmt. d. Moreover, "[t]he fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness." *Id.* The Court finds that Plaintiff has put forth no allegations to support such a cause of action.

*Intentional infliction of emotional distress*

With regard to Plaintiff's claim for intentional infliction of emotional distress, Defendant asserts that the injury for this tort claim springs from the publication, and therefore it sounds in libel and slander and is subject to the one-year statute of limitations for libel and slander pursuant to Ky. Rev. Stat. § 413.140(d). Plaintiff's claim for harassment, which the Court found in its Memorandum Opinion on initial review to be best characterized as one for IIED, involves the placement on the website of the conversation between Plaintiff and the decoy. This allegation is nearly identical to the one in *Patterson*, in which Judge Russell found:

> "The rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978) (citing *Staggs v. Stanton*, 532 S.W.2d 442 (Ky. 1975)); *see Branham v. Micro Computer Analyst*, 350 F. App'x 35 (6th Cir. 2009). Additionally, "a specific statute of limitations covers all actions whose real purpose is to recover for the injury addressed by it in preference to a general statute of limitations." *Lashlee*, 570 F.2d at 109. Accordingly, if Patterson's claim for IIED is founded on libel or slander, then that claim will be barred by the one-year statute of limitations.
>    Patterson's IIED claim is clearly founded on allegations of libel and slander by NBC and its affiliates. As specifically stated in the IIED portion of Patterson's complaint, "NBC Dateline put a link on their website . . . so the public could see the conversation between suspect and 'decoy.'" This "conversation has been on the website from the time of the sting up to the present date. A person can only handle so much ignorance and exposure and unwanted plus un-needed publicity." Patterson's cause of action for IIED clearly "springs" from libel and slander, is barred by the statute of limitations found in KRS § 413.140(1)(d), and will be dismissed.

*Patterson*, 2012 WL 3779118, at *3 (footnote and internal citations to the record omitted). For the same reasons, the identical IIED claim raised by Plaintiff in this case will likewise be dismissed.

*Negligence*

Defendant argues that Plaintiff's negligence claim is time-barred by the one-year statute of limitation governing negligence actions found in Ky. Rev. Stat. § 413.140(a). Because a cause of action for defamation accrues at the time of publication, Defendant asserts that this complaint, filed more than three years after the broadcast, is time-barred. Defendant also argues that the complaint does not allege that Defendant owed him a duty, that the duty was violated, or that he suffered any harm from the breach of the duty.[2]

Plaintiff argues that Kentucky's five-year statute of limitation under Ky. Rev. Stat. § 413.120(7)[3] applies and that his claim is not governed by the one-year statute of limitation for libel or slander. He further argues that Defendant was negligent when it failed in its duty to act with due diligence and disclosed too much of his personal information.

The Kentucky Supreme Court has recently held that a plaintiff "cannot maintain both a negligence claim and an intentional infliction of emotional distress claim based on a single set of facts." *Childers v. Geile*, 367 S.W.3d 576, 581 (Ky. 2012). The *Childers* Court further held that "[t]here can be only one recovery for emotional distress on the same acts. It will either be caused as a result of an injury done to the plaintiff physically or it will be caused by outrageous conduct the purpose of which is to inflict emotional distress." *Id.* at 583. Moreover, "[e]motional distress as stand-alone damages can only be compensated through the tort of

---

[2] A negligence cause of action in Kentucky requires a duty on the part of Defendant, a breach of that duty, and injury arising from that breach. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).

[3] That statute provides a five-year statute of limitation for "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated."

intentional infliction of emotional distress." *Id.* at 582. Here, Plaintiff only alleges mental and emotional damages, none of which does Plaintiff allege were caused by a physical injury. As such, his claim sounds in the tort for intentional infliction of emotional distress and not negligence. For this reason, his negligence claim fails to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss (DN 22) is **GRANTED**. The instant action will be dismissed by separate Order.

Date: September 16, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4414.009